UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMHOTEP H'SHAKA, f/k/a Corey Heath,<br><br>                 Petitioner,<br><br>      vs.<br><br>JOSEPH BELLNIER, Superintendent Upstate Correctional Facility,<br><br>                 Respondent. | No. 9:07-cv-01116-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 20] |

I. MOTION PRESENTED

At Docket No. 20 Petitioner Imhotep H'Shaka, formerly known as Corey Heath, a state prisoner proceeding *pro se*, has timely filed a Motion for Reargument and/or Reconsideration of the Memorandum Decision and Judgment entered herein on April 27, 2010.[1]

II. BACKGROUND/RELIEF REQUESTED

In its Memorandum Decision this Court noted that H'Shaka had not filed a reply to Respondent's Answer. H'Shaka contends that he timely handed over his Traverse to Respondent's Answer to a correctional officer for mailing in accordance with the procedures of the institution at which he was incarcerated, but the Traverse, for reasons unknown to and beyond the control of H'Shaka, was not mailed or otherwise delivered to the Court. A copy of the proposed Traverse is attached to the motion. H'Shaka requests this Court now reconsider its decision and judgment in light of the arguments made in his Traverse.

---

[1] Docket Nos. 16, 17.

III.  STANDARD

H'Shaka does not specify under what rule of procedure he brings his motion; consequently, the Court will treat the motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[2] There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) present newly discovered or previously unavailable evidence; (3) an intervening change in controlling law; and (4) to prevent manifest injustice.[3] The Court will treat the motion as seeking to correct a manifest error of law or to prevent a manifest injustice.

IV.  DISCUSSION

This Court has carefully reviewed its Memorandum Decision in light of the arguments, points and authorities raised by H'Shaka in his Traverse. Based upon that review, this Court has determined that this Court's original determination that the decisions of the Greene County Court and the Appellate Division, Third Department, were not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,"[4] was not incorrect as a matter of law. Nor did this Court err in finding that the state courts did not unreasonably apply the correct legal

---

[2] *See McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990) ("most substantive motions brought within [28] days of the entry of judgment are functionally motions under Rule 59(e)").

[3] *See generally* 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Fed. Prac. & Proc. Civ., § 2810.1 (2d ed. 2009); *see also Schwartz v. Liberty Mut. Ins. Co.*, 542 F.3d 135, 153 (2d Cir. 2008) (district courts may alter or amend a judgment "to correct a clear error of law or prevent manifest injustice.").

[4] 28 U.S.C. § 2254(d).

principles to the facts of H'Shaka's case within the scope of *Andrade-Williams-Schriro*;[5] i.e., that the state court decisions were more than incorrect or erroneous, their application of clearly established law was objectively unreasonable.

V.  CONCLUSION AND ORDER

This Court finds no manifest error of law in its judgment, or that it constitutes a manifest injustice.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the Motion for Reargument and/or Reconsideration at Docket No. 20 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[6]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[7]

Dated:  August 11, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[5] *Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003); *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[6] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[7] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.